UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARJEET KAUR,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2860

Honorable Hala Y. Jarbou

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner under no more restrictive conditions than those that existed at the time of Petitioner's arrest. (Pet., ECF No. 1, PageID.31.) In an order entered on October 7, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on October 22, 2026. (ECF No. 8.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Cuba who entered the United States in 2004. (Pet., ECF No. 1, PageID.1; Acree-Manuel Decl. ¶ 4, ECF No. 8-1, PageID.67.) On November 18, 2025, an Immigration Judge ordered Petitioner removed from the United States *in abstentia*. (Acree-Manuel Decl. ¶ 6, ECF No. 8-1, PageID.67.) Petitioner filed a timely motion to reopen the proceedings on February 10, 2026, which was denied by an immigration judge, and remains pending on appeal. (*Id.* ¶ 7, PageID.68.)

On September 2, 2026, ICE agents arrested Petitioner. (*Id.*, ¶ 8.) On October 9, 2026, ICE agents asked Petitioner questions in an effort to obtain travel documents for removal, but Petitioner refused to cooperate. (*Id.*, ¶ 10.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

Respondents contend that Petitioner's detention is governed by 8 U.S.C. § 1231 because Petitioner is subject to a final order of removal. (Resp., ECF No. 8, PageID.56.) Petitioner, however, contends that the removal order is not administratively final because she filed a timely motion to reopen the proceedings, which remains pending on appeal. (Pet., ECF No. 1, PageID.2.)

The Sixth Circuit has not directly addressed the issue of the finality of an order of removal entered *in abstentia*. However, this Court is instructed to "interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous." *Keeley v. Whitaker*, 910 F.3d 878, 884 (6th Cir. 2018).

The Immigration and Nationality Act (INA) provides that a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Unlike a typical order of removal, which allows for an appeal to the BIA within 30 days, 8 CFR § 1003.38, 8 CFR § 1240.15, "no appeal [to the BIA] shall lie from an order of removal entered *in absentia*," 8 C.F.R. § 1240.15. Therefore, 8 C.F.R. § 1241.1(e) states that, "[i]f an immigration judge orders an alien removed in the alien's absence," the order of removal becomes administratively final "immediately upon entry of such order." A noncitizen may only challenge a removal order entered *in abstentia* by filing a motion to reopen proceedings within 180 days after the date of the order of removal. 8 U.S.C. § 1229a(b)(5)(C). The INA provides that the filing of a motion to reopen under § 1229a(b)(5)(C) "shall stay the removal of the alien pending disposition of the motion by the immigration judge." *Id.*

Because a noncitizen is never permitted seek direct review of a removal order entered *in abstentia* before the BIA, *see* 8 U.S.C. § 1229a(b)(5)(C), it is consistent with 8 U.S.C. § 1101(a)(47)(B) to find that the "expiration of the period in which the alien is permitted to seek review [by the BIA]" is immediately upon entry of that order. Most courts addressing the issue have agreed. *See e.g.*, *Diallo v. Lyons*, 837 F. Supp. 3d 422, 434 (E.D.N.Y. 2026); *Rincon v. Linn*

*Cnty. Corr. Ctr.*, No. C26-172-LTS-KEM, 2026 WL 2608646, at *2 (N.D. Iowa Sept. 3, 2026); *Suthar v. Jamison*, No. cv 26-3031, 2026 WL 1588000, at *2 (E.D. Pa. June 3, 2026); *Alfredo A. v. Easterwood*, No. 26-cv-1016 (PJS/DLM), 2026 WL 963292, at *1 (D. Minn. Apr. 9, 2026); *Diaz-Ortega v. Lund*, No. 1:19-cv-670-P, 2019 WL 6003485, at *9 (W.D. La. Oct. 15, 2019), *report and recommendation adopted,* No. 1:19-cv-670-P, 2019 WL 6037220 (W.D. La. Nov. 13, 2019); *Olivera-Julio v. Asher*, No. C14-1312-RSM, 2014 WL 6387351, at *2 (W.D. Wash. Nov. 14, 2014).

Petitioner cites to the Ninth Circuit's decision of *Cui v. Garland*, 13 F.4th 991 (9th Cir. 2021), which holds that an *in abstentia* removal order does not become final until the 180-day time for filing a motion to reopen expires. In *Cui*, the court reasoned that, because the noncitizen "*could have* sought BIA review *after* first exhausting her motion to reopen before the IJ, once the petitioner fails to file a timely motion with the IJ under § 1229a(b)(5)(C)(i), the ability to ultimately appeal to the BIA expires along with the 180-day deadline to seek reopening before the IJ." *Id.* at 996 (emphasis in original). This Court does not find the Ninth Circuit's reasoning persuasive.

First, the BIA review referenced in *Cui* is not direct review of the removal order entered *in abstentia* but only review of the immigration court's denial of a motion to reopen, filed pursuant to 8 U.S.C. § 1229a(b)(5)(C). Therefore, *Cui*'s interpretation does not appear to be consistent with the plain language of 8 U.S.C. § 1101(a)(47)(B). And second, finding that an *in abstentia* removal order does not become final until the exhaustion of a motion to reopen would render the portion of § 1229a(b)(5)(C) staying removal meaningless. If the removal order was not administratively final—and removal not possible—until *after* the full resolution of a motion to reopen, there would be no need for a motion to reopen to "stay the removal of the alien pending disposition of the motion by the immigration judge" upon filing. *Id.* Therefore, the Court agrees with the majority

of courts addressing the issue and finds that Petitioner's November 18, 2025, order of removal *in abstentia* was administratively final upon entry.

Because Petitioner is subject to a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added).

Here, Petitioner's order of removal became final on November 18, 2025. Therefore, the 90-day period expired long before Petitioner's present detention.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner has been detained for less than six months since her September 2, 2026, arrest. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F.

Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner has not met her burden of *proving* that "there is no significant likelihood of removal in the reasonably foreseeable future" as is required at this early stage of detention. *Zadvydas*, 533 U.S. at 701. Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. (ECF No. 1.)

Dated: October 29, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE